I desire respectfully but most earnestly to dissent.

ONEY v. STATE.

(Court of Criminal Appeals of Texas. Dec. 20, 1911.)

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Jack Oney was convicted of crime, and appeals. Affirmed.

C. E. Lane, Asst. Atty Gen., for the State.

DAVIDSON, P. J. This record is before us without a statement of facts or bills of exception, and the matters complained of in the motion for new trial cannot be intelligently revised in the absence of the evidence. There is a criticism of the charge, in that it does not sufficiently set forth the law applicable to receiving and concealing stolen property. We are of opinion that there is no merit in this contention under the record.

The judgment is affirmed.

VALLEY MILLS COTTON OIL CO. v. BROWN et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 2, 1911. Rehearing Denied Dec. 23, 1911.)

1. TRIAL (§ 295*)—INSTRUCTIONS—EFFECT OF CHARGE AS A WHOLE.

Objections to a charge, based on mere verbal inaccuracies, are immaterial, where the charge as a whole fully presents the case to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

2. NEGLIGENCE (§ 25*)—DANGEROUS PREMISES—LICENSEES—WARNING.

Where the operators of a cotton seed oil mill permit a boy 12 or 13 years of age to be in or about a seedhouse where a conveyor is in operation without warning or protest, they are negligent.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 35–38; Dec. Dig. § 25.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Sidney Brown, by R. B. Brown, his next friend, and by R. B. Brown individually, against the Valley Mills Cotton Oil Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Ramsey & Odell and J. M. Robertson, for appellant. Cureton & Cureton and Odell & Johnson, for appellees.

CONNER, C. J. This suit was instituted by R. B. Brown for himself, and as next friend of his minor son, Sidney Brown, to recover damages for an injury received by the boy in a cotton seed conveyor operated in the cotton seed oil mill owned by the appellant in Valley Mills, Tex. It was alleged that appellant negligently permitted Sidney Brown to go upon the premises and into the seedhouse where the conveyor was operated without giving any warning of the danger incident thereto, and that on the occasion in question, at the special instance and request of John Moore, one of appel-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.
† Writ of error denied by Supreme Court.

lant's employés, Sidney Brown went into the seedroom, and in answer to an invitation and request of the said Moore attempted to cross said cotton seed conveyor, and while doing so his left foot and leg became fastened therein, and were cut off. Appellant answered by general and special denials and by special pleas of contributory negligence on the part of both Sidney Brown and R. B. Brown. The trial resulted in a verdict and judgment in favor of Sidney Brown for $5,000 and in favor of R. B. Brown for $500.

[1] The assignments are numerous, but with one exception they merely question the various paragraphs of the court's charge and its action in refusing special charges. In none of the assignments do we find anything requiring special discussion. We deem it sufficient to say that the criticisms of the charge, for the most part, disclose mere verbal inaccuracies, the materiality of which entirely disappear when the charge as a whole, including special instructions given at appellant's request, is read and considered. For instance, the court's abstract definition of negligence, as applied to appellee R. B. Brown, is, perhaps, not as clearly worded as it might be; but no inaccuracy appears in the later application of the law of negligence to the evidence in the case. Besides, the inaccuracy complained of in this (the first) assignment is in favor of appellant, in that thereby negligence on the part of appellant is made to constitute negligence on the part of R. B. Brown. So the criticism that the charge made contributory negligence available only when it was the proximate cause of the injury disappears when appellant's special instruction No. 27, given by the court, is read. Therefrom the jury were instructed that, if contributory negligence, as thereby submitted, was found, and it either proximately caused or *contributed* to cause the injury, the verdict should be for defendant.

Possibly the fourth paragraph of the charge complained of in the fourth and fifth assignments should also be briefly noticed. It is insisted in effect that the duty of ordinary care is thereby devolved upon appellant, regardless of whether Sidney Brown was on the premises by appellant's invitation or with its knowledge; and that the charge is on the weight of the evidence, in that it assumes the controverted fact that appellant's employé, John Moore, motioned to Sidney Brown to cross the conveyor. Even if the language of paragraph 4 gives reasonable color to these objections, which we doubt, yet it could not have been misleading, in view of the seventh clause of the court's charge, wherein the jury were specifically instructed to find for the defendant, under paragraph 4, in event they found that John Moore "did not invite the plaintiff Sidney Brown to come to him over the said conveyor." Appellant's

construction of the evidence on this point was also presented to the jury in its special instruction No. 22, given by the court, wherein the jury were instructed that, if they believed that "J. O. Moore motioned or signaled to Sidney Brown to stay away from said witness and not to come towards said witness," and that said Sidney Brown so understood the signal or motion and realized there was probable danger in going to the place where he did go, and was guilty of contributory negligence, they should find for the defendant. Neither, in any instance, did the court's charge authorize a verdict in behalf of the plaintiffs, in the absence of a finding that the minor, Sidney Brown, was present upon the premises by the invitation and with the knowledge and consent of appellant, and that thereby appellant had been guilty of negligence. On the contrary, the issue was more than once distinctly presented, notably so in the fifth and seventh clauses of the court's charge.

To conclude this branch of the subject, we think the cause as a whole was fully and fairly presented to the jury, and that the various special instructions requested, which the court did not give, were for various reasons properly refused.

[2] The only remaining assignment complains of the court's action in overruling the defendant's amended motion for a new trial, on the ground that the verdict and judgment "is against the manifest weight and great preponderance of the evidence," etc. But in this we cannot concur. We think the evidence tends to show that, not only on the occasion in question was Sidney Brown, a minor about 12 or 13 years of age, specially invited to go upon the dangerous situation where he was injured, but also that small boys of like age, including Sidney Brown, had theretofore more than once been permitted, without warning, interference, or protest, to be in or about the seedhouse where the conveyor was in operation, and that in both respects appellant was negligent. The evidence also, we think, otherwise supports the appellees' petition, and the judgment will accordingly be affirmed.

Affirmed.